**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DAVID RAY CAMEZ, aka Badman, aka Doctorsex, <br><br> Defendant-Appellant. | No. 14-10251 <br><br> D.C. No. <br> 2:12-cr-00004-APG-GWF-23 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Before:  GRABER and McKEOWN, Circuit Judges, and PETERSON,[**] District Judge.

Defendant David Camez timely appeals his convictions and sentence, following a jury trial, under the Racketeer Influenced and Corrupt Organizations Act.  We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

1. In a separately filed opinion, we reject Defendant's challenges concerning the fact that he was under the age of 18 when he committed certain acts.

2. Sufficient evidence supports the jury's finding that Defendant participated "in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 185 (1993); see Jackson v. Virginia, 443 U.S. 307 (1979) (describing the standard for challenges to the sufficiency of the evidence). Defendant was a "member" of the enterprise; he purchased many items from several vendors; he sold some items. He also took many actions that concerned the functioning of the enterprise itself. For example, he left feedback on the quality of many sellers; he reported one seller who allegedly had defrauded him; he posted many comments that helped others undertake scams, in effect directing others on how to carry out the goals of the enterprise more effectively; and he posted an explanation about one of the enterprise's rules. Defendant's involvement greatly exceeded the involvement of the defendants in Walter v. Drayson, 538 F.3d 1244, 1248 (9th Cir. 2008), Webster v. Omnitrition International, Inc., 79 F.3d 776, 789 (9th Cir. 1996), and Baumer v. Pachl, 8 F.3d 1341, 1344 (9th Cir. 1993).

3. Because the prosecutor did not misstate the evidence, Defendant's assertion of prosecutorial misconduct fails.

4.  Because the far-below-Guidelines sentence was reasonable, the district court did not abuse its discretion in selecting the sentence.

**AFFIRMED.**